# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Thomas M. Riley*
Case No. 3:09-cr-00047-TMB

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Thomas M. Riley's ("Riley") Motion for Judicial Notice (the "Motion").[1] Riley, *pro se*, seeks a sentence reduction to time served to begin his supervised release term.[2] The Government did not respond to the Motion.[3] The matter is ripe for resolution. For the reasons discussed below, the Motion is **DENIED**.

### A. Background

On May 14, 2012, Riley was sentenced to 324 months of imprisonment following a jury conviction of possessing cocaine with intent to distribute in violation of 18 U.S.C. § 841(a)(1) and of felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1), followed by eight years of supervised release.[4] On April 22, 2019, Riley's sentence was reduced to 262 months due to applicable amendments to the United States Sentencing Guidelines.[5] Since 2021, Riley has been serving his imprisonment sentence under home confinement.[6]

Now, Riley moves the Court "to switch[] his home confinement status over to federal supervised release" by "tak[ing] judicial notice upon his behalf" and "issu[ing] an order to the United States Attorney's Office . . . to allow the defendant to begin . . . federal supervised release."[7] He asserts that he "has been in substantial compliance with the terms of his home confinement conditions and has an impeccable record of meeting all conditions that were imposed upon him."[8] He also notes his "outstanding relationship with his supervising case manager," who "indicated to [Riley] that he did not oppose [Riley] seeking" out "the possibility of switching his home confinement status over to federal supervised release" due to "[Riley's] post incarceration success, [and] impeccable

---

[1] Dkt. 475 (*Pro Se* Motion for Judicial Notice).
[2] *Id.* at 1.
[3] Dkt. (absence).
[4] Dkt. 313 (Minute Entry); Dkt. 316 (Judgment); *see* Dkt. 281 (Jury Verdict).
[5] Dkts. 441 (Order Regarding Motion to Reduce Sentence); 442 (Order/Judgment Reducing Sentence).
[6] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/; Dkt. 475 at 4 ("[T]he defendant was released to home confinement in 2021[.]").
[7] Dkt. 475 at 1, 3.
[8] *Id.* at 3.

and substantial compliance with confinement conditions."⁹ Supporting the Motion, Riley also attaches letters from himself and his sister advocating for his commencement of supervised release, a certificate regarding his Commercial Driver's License, and a tax return showing income from his employment.¹⁰

### B. Discussion

Riley does not specify whether he seeks a change in his conditions of confinement or a termination of imprisonment through compassionate release under 18 U.S.C. § 3582. The Court interprets his request as the former, but under either theory, for the reasons explained below, the Court must deny his request "to switch[] his home confinement status over to federal supervised release."¹¹

To the extent Riley requests that the Court change the conditions of his confinement, the Court lacks authority to do so. Generally, the Bureau of Prisons ("BOP") has "plenary control, subject to statutory constraints over 'the place of a prisoner's imprisonment.'"¹² Pursuant to 18 U.S.C. § 3621(b), the BOP's "designation of a place of imprisonment . . . is not reviewable by any court." "It is clear BOP has sole discretion to determine whether a Defendant should be placed on home confinement."¹³ Because the decision to place or release Riley from home confinement rests solely with the BOP, the Court lacks authority to grant Riley's request on that basis.

Alternatively, if the Motion is viewed as a motion for compassionate release seeking an early release from his sentence, the Court must still deny Riley's request. Generally, a sentencing court "may not modify a term of imprisonment once it has been imposed."¹⁴ A limited exception is set forth in 18 U.S.C. § 3582 by which the court may, on a defendant's motion, reduce an imprisonment term after the defendant has exhausted administrative remedies following denial of a request by the BOP and if the court then finds that "extraordinary and compelling reasons warrant such a reduction."¹⁵ The Court may consider the Motion only if Riley has "fully exhausted all administrative rights to appeal," or if thirty days have lapsed since BOP has received a request for compassionate release from him.¹⁶ Here, there is no evidence that Riley exhausted his administrative remedies or otherwise submitted a request to end his home confinement to the BOP

---

⁹ *Id.*
¹⁰ Dkts. 475-1 (Riley Letter); 475-2 (CDL Certificate); 475-3 (Tax Return); and 475-5 (Tonya Ford Letter).
¹¹ Dkt. 475 at 3.
¹² *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)).
¹³ *United States v. Walker*, No. 11-20551, 2021 WL 4949225, at *1 (E.D. Mich. Oct. 25, 2021) (collecting cases); *see United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (noting that BOP "has the statutory authority to choose the locations where prisoners serve their sentence"); *United States v. Phelps*, No. 2:13-CR-83 JCM (CWH), 2019 WL 2291454, at *1 (D. Nev. May 29, 2019) (noting that "[p]ursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in . . . home confinement.").
¹⁴ 18 U.S.C. § 3582(c).
¹⁵ 18 U.S.C. § 3582(c)(1)(A)(i).
¹⁶ 18 U.S.C. § 3582(c)(1)(A).

before filing the Motion. Moreover, on the merits, Riley has asserted no "extraordinary and compelling reasons" upon which compassionate release could be granted under 18 U.S.C. § 3582.[17]

Therefore, because the decision of imposing home confinement rests solely with the BOP, and alternatively because Riley has failed to exhaust his administrative remedies or establish a basis for granting compassionate release under 18 U.S.C. § 3582, the Motion at Docket 475 is **DENIED.**

Entered at the direction of the Honorable Timothy M. Burgess.

DATE: September 12, 2024.

---

[17] 18 U.S.C. § 3582(c)(1)(A)(i).

-3-

Case 3:09-cr-00047-TMB   Document 476   Filed 09/12/24   Page 3 of 3